UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NOBLE CHARTERING INC.,

              Plaintiff,                        07 Civ. _____

  - against -

AWAN TRADING CO. (PVT) LTD.,

              Defendant.
----------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, NOBLE CHARTERING INC., ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, AWAN TRADING CO. (PVT) LTD. ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Karachi, Pakistan.

4. At all material times Plaintiff was the disponent Owner of the ocean going motor vessel "PACIFIC ACADIAN"(hereinafter the "Vessel").

5. Pursuant to a charter party dated March 28, 2003, Plaintiff chartered the Vessel to Defendant.

6. Pursuant to the charter party, the parties agreed that the Vessel would proceed to Tanjung Permukan, Indonesia and load a cargo of 40,000 tonnes of coal in bulk, 10% more or less in Owner' option, for carriage to and discharge at Karachi/Bin Qasim.

7. During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay demurrage, or in the alternative detention, and load port costs due and owing to Plaintiff under the charter party.

8. Pursuant to clause 44 of the charter party, all disputes arising under the charter party are to be referred to arbitration in London with English law to apply

9. Despite due demand, Defendant failed to pay the amounts due and owing under the charter party, and as a result, Plaintiff initiated arbitration in London on its claims.

10. On February 9, 2004, a Final Arbitral Award was rendered in Plaintiff's favor, finding that Plaintiff's claim for demurrage against the Defendant succeeded in the sum of $246,700.00.

11. The Final Award directed Defendant to pay Plaintiff the sum of $246,700.00 together with interest thereon at a rate of 4%, compounded quarterly and running from June 1, 2003 until the date of payment by Defendant.

12. In addition, the Final Award directed Defendant to pay Plaintiff's recoverable costs, to be assessed by the arbitrators if not agreed upon, together with interest at the rate of 6%, compounded quarterly and running from February 9, 2004 until payment by the Defendant.

13. As the recoverable costs were not agreed upon, Plaintiff is preparing to request that the recoverable costs be assessed by the arbitrators and a Final Award as to Taxed Costs be issued.

14. Defendant was also directed to pay the costs of the Award, assessed at GBP 3,000, together with interest thereon at a rate of 6%, compounded quarterly and running from February 9, 2004 until the date of reimbursement by Defendant.

15. Despite due demand, Defendant has failed to pay the amounts due and owing under the Final Arbitral Award, and Plaintiff is preparing to initiate proceedings against the Defendant in the High Court of Justice in London so that the Award may be converted to an English Judgment which it intends to enforce within this action.

16. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitral Award(s) and corresponding English Judgment(s):

| | | |
|---|---|---|
| A. | Principal claim: | $246,700.00 |
| B. | 4% interest on principal claim, compounded quarterly from June 1, 2003 until June 1, 2009 (estimated date of recovery): | $66,611.86 |
| C. | Estimated recoverable costs: | $31,000.00 |
| D. | 6% interest on estimated recoverable costs, compounded quarterly from February 9, 2004 until June 1, 2009 (estimated date of recovery): | $11,536.10 |
| E. | Cost of Award: | $7,936.23 |
| F. | 6% interest on cost of Award, compounded quarterly from February 9, 2004 until June 1, 2009 (estimated date of recovery): | $2,953.33 |
| **Total** | | **$366,737.52** |

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

3

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$366,737.52** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any

4

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

    E.    That this Court award Plaintiff its attorney's fees and costs of this action; and

    F.    That the Plaintiff have such other, further and different relief as the Court

Dated: July 13, 2007
       New York, NY

                  The Plaintiff,
                  NOBLE CHARTERING INC.

                  By: _____
                  Kevin J. Lennon (KL 5072)
                  Patrick F. Lennon (PL 2162)
                  Nancy R. Peterson (NP 2871)
                  LENNON, MURPHY & LENNON, LLC
                  420 Lexington Ave., Suite 300
                  New York, NY 10170
                  (212) 490-6050 – phone
                  (212) 490-6070 – fax
                  kjl@lenmur.com
                  pfl@lenmur.com
                  nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York
County of New York   )

1. My name is Kevin J. Lennon

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 13, 2007
         New York, NY

_____
Kevin J. Lennon